proceeding such as the one here, was against public policy and therefore is unenforcible (cf. *Atcheson* v. *Mallon*, 43 N. Y. 147). Ughetta, Acting P. J., Kleinfeld, Christ, Hill and Rabin, JJ., concur.

◼ Louis Nicoletti, an Infant, by His Guardian ad Litem, Charles Nicoletti, et al., Respondents, v. Alfred Palmer, an Infant, by His Guardian ad Litem, Norma Viggiano, et al., Appellants.— In an action to recover damages for personal injuries, defendants appeal from an order of the Supreme Court, Westchester County, dated December 28, 1961, which granted plaintiffs' motion for summary judgment and directed an assessment of damages. Order reversed, with $10 costs and disbursements, and motion denied. In our opinion, there is a fact issue for the jury as to plaintiffs' contributory negligence (*Nelson* v. *Nygren*, 259 N. Y. 71; cf. *Glendenning* v. *Feld*, 285 App. Div. 604, affd. 309 N. Y. 867). Ughetta, Acting P. J., Kleinfeld, Christ, Hill and Rabin, JJ., concur.

◼ The People of the State of New York, Respondent, v. Frank Buonpane, Appellant.— Appeal by defendant from a judgment of the County Court, Kings County, rendered May 12, 1961 after a jury trial, convicting him of attempted robbery in the first degree, attempted grand larceny in the first degree, and assault in the second degree, and sentencing him, as a fourth felony offender, to serve a term of 15 years to life. Judgment affirmed. No opinion. Beldock, P. J., Ughetta, Kleinfeld, Christ and Hill, JJ., concur.

◼ The People of the State of New York, Respondent, v. James Cherry, Appellant.— Appeal by defendant from a judgment of the County Court, Kings County, rendered January 15, 1960 after a jury trial, convicting him of grand larceny in the first degree and assault in the second degree, and sentencing him to serve concurrent terms of 5 to 10 years on the grand larceny count and 2½ to 5 years on the assault count. Defendant appeals on the sole ground that the sentence was excessive. Judgment affirmed. In our opinion, on the basis of this record the trial court did not abuse its discretion in imposing the sentence upon defendant. For the crimes committed, such sentence was within the limits prescribed by the applicable statutes (Penal Law, §§ 243, 1295). Beldock, P. J., Ughetta, Christ, Hill and Rabin, JJ., concur.

◼ The People of the State of New York, Respondent, v. John O. Hunter, Appellant.— Appeal by defendant from an order of the County Court, Suffolk County, dated December 29, 1961, which denied, without a hearing, his application for a new trial pursuant to subdivision 7 of section 465 of the Code of Criminal Procedure. The defendant was convicted on April 23, 1958, in said court for manslaughter in the first degree, and sentenced as a second felony offender to serve a term of 25 to 40 years. The conviction was affirmed by this court (10 A D 2d 1007); leave to appeal to the Court of Appeals was denied on September 12, 1960; and certiorari was denied (365 U. S. 849). Order affirmed. The application here for a new trial was made on July 6, 1961. It was, therefore, untimely since it was made more than one year after the court rendered judgment (Code Crim. Pro., § 466). Defendant's brief contains many allegations relating to the conduct of the trial. Several of them were not raised in the moving papers submitted to the County Court. Insofar as the moving papers may be treated as an application for a writ of error *coram nobis*, they are insufficient to rebut the presumption of regularity and do not raise a material factual issue requiring a hearing (cf. *People ex rel. Williams* v. *Murphy*, 6 N Y 2d 234; *People* v. *Tomaselli*, 7 N Y 2d 350; *People* v. *Fanning*, 300 N. Y. 593; *People* v. *Oddo*, 300 N. Y. 649). Beldock, P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.

◼ The People of the State of New York, Respondent, v. Pierce Johnson, Appellant.— Consolidated appeals by defendant: (1) from a judg-

ment of the County Court, Kings County, rendered June 12, 1961 on his plea of guilty, convicting him of bribery, and sentencing him as a second felony offender to serve a term of five to seven years; and (2) from an order, entered January 19, 1962, denying his motion to vacate said judgment of conviction. Judgment and order affirmed. No opinion. Beldock, P. J., Ughetta, Christ, Hill and Rabin, JJ., concur.