■     THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS HAZELTON, Appellant.—Appeal from a judgment of the County Court of Clinton County, rendered September 20, 1976, upon a verdict convicting defendant of the crime of assault in the second degree. After rendition of the jury's verdict but before sentence was imposed, defendant moved to set aside the verdict and for a new trial on the ground of newly discovered evidence. A hearing was conducted on this motion and the court denied the defendant the relief requested on the ground that he had failed to sustain his burden of proof by a fair preponderance of evidence on every fact essential to support the motion. On this appeal defendant challenges only the order denying his motion to set aside the verdict and for a new trial. Although the Trial Judge treated the defendant's motion as a postjudgment motion (CPL 440.10), the motion was actually one to set aside the verdict (CPL 330.30, subd 3). CPL 330.30 (subd 3) provides as follows: "At any time after rendition of a verdict of guilty and before sentence, the court may, upon motion of the defendant, set aside or modify the verdict or any part thereof upon the following grounds: * * * 3. That new evidence has been discovered since the trial which could not have been produced by the defendant at trial even with due diligence on his part and which is of such character as to create a probability that had such evidence been received at the trial the verdict would have been more favorable to the defendant." It is manifestly clear from the hearing record that the evidence of the witness was not of such character as to create a probability that had such evidence been received at the trial, the verdict would have been more favorable to the defendant. The witness did not see the fight but merely viewed the defendant and the complainant shortly before they were led away and testified that each had a weapon in their hand. The power to vacate a judgment upon the ground of newly discovered evidence rests within the discretion of the trial court. Judgment affirmed. Koreman, P. J., Sweeney, Mahoney, Larkin and Mikoll, JJ., concur.