# (December 22, 1983)

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOSE SUAREZ, Respondent. — Order of Supreme Court, New York County (Peggy Bernheim, J.), entered June 8, 1983, granting defendant's motion to set aside a jury verdict of guilty of burglary in the second degree on the basis of newly discovered evidence, unanimously reversed, on the law, the motion to set aside the verdict denied, and the verdict reinstated. The case is remitted to Criminal Term for imposition of sentence. Defendant and his companion, Vizcoriando, were alleged to have invaded the victim's apartment early one morning and ransacked the premises, tying the victims up and robbing them at knifepoint. The victims were able to identify the perpetrators; the female victim was Vizcoriando's stepniece. Inasmuch as Vizcoriando remained at large after defendant's arrest, the two were indicted separately. When ultimately arrested and indicted, Vizcoriando pleaded guilty to attempted robbery in the second degree. After defendant's trial, Vizcoriando was brought in to testify in support of defendant's motion to set aside the verdict. Basically, Vizcoriando stated that he had committed the crime alone. Although the Trial Judge found this testimony "somewhat incredible" and "quite incredible", inasmuch as the victims had testified that two perpetrators had tied them up and ransacked the apartment, the Judge set aside the verdict, ruling that such "material" evidence could not have been discovered with due diligence prior to trial, and "could possibly change the verdict." This was error. The power to set aside a verdict on the ground of evidence newly discovered since trial is purely statutory. (CPL 330.30, subd 3; *People v Salemi*, 309 NY 208, 215, cert den 350 US 950.) It must be shown that the evidence could not with due diligence have been produced by the defendant at the trial, and is of such character as to create a probability that such evidence would have resulted in a verdict more

favorable to the defendant (CPL 330.30, subd 3). To conform to the requirements of the statute, the criteria for granting such an application are sixfold (*People v Salemi,* 309 NY, at pp 215-216). The "newly discovered evidence" (a) must be such as will *probably* (not merely *possibly*) change the result if a new trial is granted; (b) must have been discovered since trial; (c) could not have been discovered before trial by the exercise of due diligence; (d) must be material to the issue; (e) must not be cumulative to the former issue; and (f) must not be merely impeaching or contradictory to former evidence. (*People v Priori,* 164 NY 459; *People v Eng Hing,* 212 NY 373.) There is no probability that this evidence would have altered the jury's verdict. The evidence merely goes to contradict the victims' testimony that there had been two perpetrators. In this respect the Trial Judge appropriately termed such evidence "quite incredible", and her consideration of the application should have terminated at that point (*People v Bridget,* 73 AD2d 291). In fact, the Trial Judge herself recognized only a possibility that such evidence might change the verdict, which was clearly insufficient to set it aside (*People v Crimmins,* 38 NY2d 407; *People v Bridget, supra*). Upon the hearing "the defendant has the burden of proving by a preponderance of the evidence every fact essential to support the motion." (CPL 330.40, subd 2, par [g].) The Trial Judge's expressed doubts demonstrate the insufficiency of the evidence to meet the statutory requirement. Vizcoriando was arrested just as defendant's trial was beginning, before presentation of any evidence. The jury did not return its verdict for another three days. Thus, it is questionable whether this "new evidence" could not have been discovered with due diligence prior to conclusion of trial (*People v Bridget, supra;* see *People v Laudiero,* 192 NY 304, 311). If Vizcoriando's testimony was withheld from defendant's trial as a deliberate tactic, defendant would not be entitled to a new trial based on the later availability of this testimony (*People v Messina,* 73 AD2d 899, 900; *People v Wagner,* 51 AD2d 186). The Court of Appeals has noted that "[e]specially suspect is the belated exculpation of defendant" by an individual after he has nothing to lose, i.e., where the individual does not come forward with this information until his own fate has been sealed by criminal conviction (*People v Monroe,* 40 NY2d 1096, 1098). Vizcoriando's testimony did not warrant the setting aside of this verdict and the granting of a new trial. Concur — Sandler, J. P., Silverman, Bloom, Fein and Alexander, JJ.