■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD RIVERA, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Cooperman, J.), rendered December 20, 1982, convicting him of attempted robbery in the first degree (eight counts), assault in the first degree

and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

After his trial, defendant moved, pursuant to CPL 330.30 (3) for a new trial on the ground of newly discovered evidence. In support of this motion, defendant submitted affidavits of two allegedly newly discovered witnesses, one of whom asserted that he heard one of the complainants state that defendant was not involved in the robbery. The other asserted that he had witnessed the robbery and that defendant was not involved. Initially the court denied this motion, but later granted reargument and held a hearing. At the close of the hearing, the court adhered to its original determination.

The authority to grant such a motion is purely statutory (*People v Suarez*, 98 AD2d 678) and the proper standard of review is whether the court abused its discretion in denying the motion (*People v Slaughter*, 37 NY2d 596; *People v Hazelton*, 58 AD2d 945). Defendant must show, by a preponderance of the evidence (CPL 330.40 [2] [g]) that the new evidence "could not have been produced by the defendant at the trial even with due diligence on his part and * * * is of such character as to create a probability that had such evidence been received at the trial the verdict would have been more favorable to the defendant" (CPL 330.30 [3]; *see also, People v Suarez, supra*). The testimony adduced at the hearing, which was at times confused and often contradictory, demonstrates that the determination of Criminal Term was a proper exercise of discretion. Indeed, we agree that this purported new evidence was not credible and thus not likely to result in a more favorable verdict to defendant upon retrial (*see, e.g., People v Donald*, 107 AD2d 818; *People v Balan*, 107 AD2d 811; *People v Stokes*, 83 AD2d 968; *People v Daniels*, 48 AD2d 905).

Defendant also alleges that the trial court's charge on the issue of the complainant's identification of him was inadequate. The record reveals that the court charged the substance, if not the exact language, of defendant's requests. Furthermore, viewing the entire charge, it is apparent that the jury was given the appropriate rules of law to apply in this case (*People v Hall*, 82 AD2d 838). The charge given substantially complied with the essential elements required for identification charges as set forth by this court in *People v Daniels* (88 AD2d 392; *see also*, 1 CJI 10.01, part A).

We have examined defendant's remaining contentions and find them to be without merit. Mollen, P. J., Titone, Thompson and Bracken, JJ., concur.