■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PERRY JOHNSON, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered March 16, 1982, convicting him of robbery in the first degree (two counts), assault in the second degree, and criminal possession of stolen property in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

We reject defendant's claim that the trial court committed reversible error when it refused to discharge, for cause, a prospective juror. The record indicates that during the course of the voir dire and apparently after defense counsel had informed the court that the defense would be claiming that the robbery never took place, defense counsel questioned a prospective juror as to whether he had formed any opinion as to whether or not the complainant was a victim of some

wrongdoing without having heard any evidence. The potential juror answered that he assumed that the victim was a victim because, "why would I be here if there was no victim". The court then sustained an objection and precluded defense counsel from going any further with the questioning of that juror along those lines and, thereafter, denied defense counsel's challenge for cause with respect to that juror.

We cannot say on the record before us that the trial court committed error when it denied defense counsel's request that it discharge the juror for cause. The juror's assumption that the complainant was a victim of some wrongdoing was a natural assumption to make and there is nothing in the record to demonstrate that the juror had any preconceived notions concerning defendant's guilt or was in any way prejudiced against defendant (cf. *People v Torpey*, 63 NY2d 361; *People v Blyden*, 55 NY2d 73).

The trial court properly denied defendant's motion to set aside the verdict on the ground of newly discovered evidence (see, CPL 330.30 [3]). The power of the court to set aside a verdict on the ground of newly discovered evidence is purely a statutory creation (see, *People v Salemi*, 309 NY 208, *cert denied* 350 US 950; *People v Suarez*, 98 AD2d 678), and rests within the sound discretion of the trial court (see, *People v Salemi, supra; People v Hazelton*, 58 AD2d 945). In order to satisfy the statutory requirements, the evidence, " '1 * * * must be such as will *probably* change the result if a new trial is granted; 2. It must have been discovered since the trial; 3. It must be such as could have not been discovered before the trial by the exercise of due diligence; 4. It must be material to the issue; 5. It must not be cumulative to the former issue; and 6. It must *not be merely impeaching or contradicting the former evidence*' " (People v Salemi, supra, at p 216; emphasis added; see also, People v Suarez, supra).

Inasmuch as the newly discovered evidence here (i.e., that there existed no 234 Union Street, the address the People's rebuttal witness testified to living at) was only impeachment evidence that would not have "probably" changed the result, the trial court properly denied the motion to set aside the verdict.

Contrary to defendant's claim, the trial court's *Sandoval* ruling, which permitted the prosecutor to cross-examine defendant as to whether he had previously been convicted of manslaughter and robbery and if he received a State prison sentence in connection with each conviction, was not an abuse of discretion (see, *People v Pavao*, 59 NY2d 282; *People v*

*Rahman,* 46 NY2d 882; *People v Hendrix,* 44 NY2d 658; *People v Sandoval,* 34 NY2d 371; *People v Brooks,* 104 AD2d 999; *People v Zada,* 82 AD2d 926).

Finally, defendant's guilt was proven beyond a reasonable doubt. Lazer, J. P., O'Connor, Weinstein and Niehoff, JJ., concur.