■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK BURNETTE, Also Known as CLIFFORD BOONE, Appellant. —Case held, decision reserved and matter remitted to Supreme Court, Erie County, for further proceedings, in accordance with the following memorandum: Defendant and a codefendant were jointly charged with aiding and abetting each other in the commission of a residential burglary (Penal Law § 140.25 [2]; § 20.00). During a period of approximately three months following their arraignment, both defendants were jointly represented by the same retained counsel. When counsel finally concluded that he could no longer represent both defendants, the court assigned him to represent defendant and assigned separate counsel to represent the codefendant. The codefendant's case was severed on motion of his new counsel. At trial, represented by counsel, who formerly represented both, defendant was convicted of burglary in the second degree and petit larceny. Following this conviction, the codefendant entered a guilty plea. At codefendant's sentencing, he advised the court that defendant had nothing to do with the burglary, that defendant was only an innocent bystander who had accompanied him to pick up a female acquaintance and was unaware that codefendant intended to commit a crime. Defendant's counsel thereupon moved to set

aside the verdict based upon newly discovered evidence (see, CPL 330.30 [3]). The trial court, without conducting any hearing, denied defendant's motion on the basis that this information could have developed before trial. On appeal, defendant claims that he was deprived of the effective assistance of counsel as a result of his attorney's prior representation of the codefendant.

This is not a case of multiple representation of codefendants at the same trial, which would require a determination of defendant's rights in accordance with the principles applicable in such cases (see, e.g., People v Macerola, 47 NY2d 257; People v Gomberg, 38 NY2d 307). Nevertheless, a conflict of interest from an attorney's successive representation of multiple defendants may be the predicate for a finding of ineffective assistance of counsel where the defendants are not tried together. The critical issue is whether the conflict of interest did in fact affect the manner in which the attorney conducted the defendant's defense at trial (People v Alicea, 61 NY2d 23, 30). Here, in the absence of any hearing, we are unable to determine this issue and, accordingly, we must reserve decision and remit for a hearing.

The potential for prejudice inherent in joint representation also is illustrated by defendant's claims that the court erred in denying his motion to set aside the verdict based upon newly discovered evidence as a result of the codefendant's exculpatory remarks at his sentencing. The power to set aside a verdict on the ground of newly discovered evidence is statutory (CPL 330.30 [3]; People v Salemi, 309 NY 208, 215, cert denied 350 US 950; People v Suarez, 98 AD2d 678). Under the statute, "newly discovered evidence" (1) must be such as will probably (not merely possibly) change the result if a new trial is granted; (2) must have been discovered since trial; (3) could not have been discovered before trial by the exercise of due diligence; (4) must be material to the issue; (5) must not be cumulative, and (6) must not be merely impeaching or contradictory to the former evidence (CPL 330.30 [3]; People v Salemi, supra, pp 215-216; People v Priori, 164 NY 459; People v Eng Hing, 212 NY 373; People v Suarez, supra, p 679).

We find that the trial court erred in summarily denying defendant's motion on the ground that the evidence could have been discovered before trial. Since defendant's counsel previously represented the codefendant, information he may have obtained as a result of that prior representation may well have been protected by the attorney-client privilege. If, however, defendant's attorney had no prior knowledge that

the codefendant claimed sole responsibility for the burglary, then there may well be merit to defendant's claim of newly discovered evidence. The critical issue, as we view it, is what defendant's counsel knew about the codefendant's involvement and when he knew it. Since we are remitting for a hearing on the joint representation issue and since defendant's claim of newly discovered evidence raises related factual issues, we direct the hearing court also to make factual findings and determinations on defendant's CPL 330.30 claim (see, People v Stokes, 83 AD2d 968). At such hearing, defendant should be represented by newly assigned counsel. (Appeal from judgment of Supreme Court, Erie County, Marshall, J.—burglary, second degree, and petit larceny.) Present—Dillon, P. J., Callahan, Denman, Pine and Schnepp, JJ.