■ The People of the State of New York, Respondent, v Noel Earley, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Zelman, J.), rendered December 13, 1983, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Chetta, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Judgment affirmed.

The identification testimony was properly admitted. The photographic identification procedure was not unduly suggestive and conducive to irreparable misidentification (see, People v Logan, 25 NY2d 184, 187, cert denied 396 US 1020; People v Veal, 106 AD2d 418, 419). The police had no duty to provide for the presence of the defendant's attorney at the preindictment, investigatory lineup when the defendant did not request his attorney's presence (People v Hawkins, 55 NY2d 474, 486-487, cert denied 459 US 846).

Further, the defendant was not deprived of his right to a fair trial. The defendant's claim that the court failed to properly marshal the evidence is unpreserved for appellate review and, in any event, lacks merit (see, People v Wilson, 107 AD2d 830). The prosecutor's comments were within the "broad bounds of rhetorical comment permissible in closing argument" (People v Galloway, 54 NY2d 396, 399). Also, the trial court did not abuse its discretion in denying the defendant's motion to set aside the verdict. It is improbable that the new evidence offered by the defendant, if received at trial, would have resulted in a verdict more favorable to him (see, People v Rivera, 108 AD2d 829). The court's comment bolstering the testimony of the People's fingerprint expert was rendered harmless by its subsequent instructions in the charge that the jurors were not in any way bound to accept the expert's testimony and were free to "disregard such testimony either in whole or in part" (see, People v Winchell, 64 NY2d 826). Similarly, the court's admission of Ms. Ruble's opinion testimony was, under the circumstances of this case, harmless nonconstitutional error (see, People v Crimmins, 36 NY2d 230, 242).

Finally, the sentence is not excessive (see, People v Suitte, 90 AD2d 80). Mangano, J. P., Brown, Weinstein and Spatt, JJ., concur.