■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER GRASSIA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Posner, J.), rendered January 22, 1985, convicting him of robbery in the second degree and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, the court's *Sandoval* ruling, which permitted inquiry only into the defendant's 1983 conviction of attempted burglary in the second degree, should the defendant testify in his own behalf, and excluded reference to seven other convictions, did not represent an abuse of discretion *(see, People v Sandoval,* 34 NY2d 371; *People v Cuesta,* 119 AD2d 688, 689; *People v Edwards,* 118 AD2d 581, *lv denied* 67 NY2d 942; *People v Torres,* 110 AD2d 794).

Finally, inasmuch as the lineup conducted at bar was completed prior to the commencement of formal prosecutorial proceedings against the defendant, his right to counsel had not as yet attached *(see, Kirby v Illinois,* 406 US 682; *People v Hawkins,* 55 NY2d 474, *cert denied* 459 US 846; *see also, People v La Placa,* 127 AD2d 610; *People v Earley,* 118 AD2d 868, *lv denied* 68 NY2d 667).* Furthermore, the court's finding that the defendant's counsel did not contact the police until after the lineup had been conducted is supported by the record and, therefore, will not be disturbed *(see, People v Norris,* 122 AD2d 82, *lv denied* 68 NY2d 916).* Mollen, P. J., Lawrence, Weinstein and Kooper, JJ., concur.