OPINION OF THE COURT
Alfred H. Kleiman, J.
On May 3, 1988, pursuant to GPL 440.10, defendant Samuel Huggins moved to vacate a judgment of this court, rendered June 18, 1986, convicting him, after a jury trial, of robbery in the first degree (Penal Law § 160.15) and sentencing him, as a second felony offender, to an indeterminate term of from 6 to 12 years’ imprisonment. In his motion, defendant argued that the proffered exculpatory testimony of former codefendant Levon Crawford, who had exercised his Fifth Amendment privilege against self-incrimination at defendant’s trial, constitutes newly discovered evidence pursuant to GPL 440.10 (1) (g) and also that he had not received the effective assistance of counsel at trial. This opinion addresses itself to the reasoning of the court in denying defendant’s motion.
GPL 440.10 (1) (g) provides that a judgment of conviction may be vacated when
"1. At any time after the entry of a judgment * * *
"(g) New evidence has been discovered since the entry of a judgment based upon a verdict of guilty after trial, which could not have been produced by the defendant at the trial even with due diligence on his part and which is of such character as to create a probability that had such evidence been received at the trial the verdict would have been more favorable to defendant; provided that a motion based upon such ground must be made with due diligence after the discovery of such alleged new evidence.”
TIMELINESS OF MOTION
The first issue for this court’s determination was whether the motion was timely made.
Defendant correctly argued that there is no statutory time *51 limitation for making this motion. Under Code of Criminal Procedure § 465 (7) and § 466, which were the predecessor sections to CPL 440.10 (1) (g), a motion for a new trial on the ground of newly discovered evidence had to be made within one year of the defendant’s conviction, or it was summarily denied. (People v Hunter, 16 AD2d 960 [2d Dept 1962]; cf., People v Morris, 17 AD2d 767 [4th Dept 1962].) While it is true that CPL 440.10 (1) provides that the motion may be made "[a]t any time after the entry of a judgment,” the "[a]t any time” language is qualified by the specific language of CPL 440.10 (1) (g), requiring that the motion must be made "with due diligence after the discovery of such alleged new evidence”.
In this case, it is undisputed that in August 1986, defendant obtained a pro se affidavit from Crawford allegedly exculpating him which he told Crawford he was going to send "to the judge” (although he never did). In December 1986, he was assigned appellate counsel but did not bring the affidavit to counsel’s attention until July 1987. Another five months elapsed before counsel prepared and obtained a signed sworn affidavit from Crawford. However, the instant motion was not filed until May 3, 1988, over 20 months after the initial "discovery” of the alleged new evidence. Accordingly, even assuming Crawford’s proffered testimony was new evidence, the defendant had not satisfied the statute’s due diligence requirement. (See, People v Stuart, 123 AD2d 46, 54 [2d Dept 1986] [where the court held it was not error to deny a motion to vacate a judgment of conviction predicated upon the ground of newly discovered evidence where the motion was made more than one year after the discovery of the new evidence since such motion was not made with due diligence]; see also, United States v Ochs, 548 F Supp 502, 512-513 [SD NY 1982], affd 742 F2d 1444 [2d Cir 1983], cert denied 464 US 1073 [1984]; People v Mancuso, 141 Misc 2d 382, 388 [Sup Ct, Kings County 1988].)
While this failure alone warranted denial of the instant motion, because there is no definitive appellate resolution as to what is "due diligence”, this court also considered the defense arguments that the proffered exculpatory testimony of Crawford constitutes newly discovered evidence.
NEWLY DISCOVERED EVIDENCE
Because the power to grant a motion on this ground is *52 purely statutory, such power may be exercised by the court only when the requirements of the statute have been satisfied, the determination of which rests in the court’s sound discretion (People v Balan, 107 AD2d 811, 814-815 [2d Dept 1985]; People v Wagner, 51 AD2d 186, 188 [3d Dept 1976]).
Defendant has the burden of demonstrating, by a fair preponderance of the evidence, that the evidence was indeed "newly discovered” (CPL 440.30 [6]; People v Latella, 112 AD2d 321, 322 [2d Dept 1985]). In order for evidence to be considered newly discovered within the meaning of the statute, defendant must satisfy the following six criteria:
1. it must be such as will probably change the result if a new trial is granted;
2. it must have been discovered since the trial;
3. it must be such as could not have been discovered before the trial by the exercise of due diligence;
4. it must be material to the issue;
5. it must not be cumulative to the former issue; and
6. it must not be merely impeaching or contradicting the former evidence. (People v Salemi, 309 NY 208, 216 [1955], cert denied 350 US 950 [1956]; People v Latella, 112 AD2d, supra, at 322; People v Balan, 107 AD2d, supra, at 814-815.)
The alleged "new” evidence is former codefendant Levon Crawford’s proffered testimony that defendant was not in any way involved in the commission of the robbery, but rather, he "just stood there.” However, Crawford’s proffered testimony is a virtual repetition of what Crawford said during his plea allocution. Defendant makes no claim that Crawford had any potential testimony not known to him at the time of the trial. Therefore, it does not satisfy CPL 440.10 (1) (g)’s requirement that it be new evidence that was "discovered since the entry of a judgment based upon a verdict of guilty after trial”. (Cf., People v Stokes, 83 AD2d 968 [2d Dept 1981].)
In People v Stokes (supra) the defendant’s conviction was based solely on the complainant’s testimony. Two months after the defendant was convicted, defendant’s nephew swore that he had witnessed the robbery and that his uncle was not one of the perpetrators. Defendant’s nephew claimed that he had not testified at defendant’s trial because he feared for his personal safety. As the Second Department observed, "it is not that the 'witness’ is newly discovered, but it is the fact that since the trial, the witness has, for the first time, made statements which makes such evidence newly discovered”. *53 (People v Stokes, 83 AD2d, supra, at 969.) In the instant case, like the witness in Stokes, Crawford is not a newly discovered witness. However, unlike the witness in Stokes, Crawford is not since the trial, for the first time, making statements; rather he made them when he pleaded guilty during the middle of defendant’s trial, although he refused to testify in defendant’s behalf.
Defendant argues that it is still newly discovered evidence because Crawford, who exercised his Fifth Amendment right against self-incrimination when called as a witness on defendant’s behalf at trial, was unavailable for testimonial purposes.
Therefore, the issue before this court was whether a formerly unavailable codefendant’s testimony (unavailable by reason of his exercising his Fifth Amendment rights), offered after defendant is convicted, constitutes newly discovered evidence.
While there appear to be no appellate decisions in New York that have directly dealt with this issue, many Federal and State jurisdictions have concluded that this type of evidence is not "newly discovered” and have denied defendant’s motion for a retrial. (See, e.g., United States v Diggs, 649 F2d 731 [9th Cir], cert denied 454 US 970 [1981]; United States v Jacobs, 475 F2d 270 [2d Cir], cert denied sub nom. Thaler v United States, 414 US 821 [1973]; United States v Metz, 652 F2d 478 [5th Cir 1981]; United States v Carlin, 573 F Supp 44 [ND Ga 1983], affd 734 F2d 1480 [11th Cir 1984]; United States v Persinger, 587 F Supp 899 [WD Pa 1984]; United States v Vergara, 714 F2d 21 [5th Cir 1983]; United States v Matthews, 424 F Supp 339 [ED Pa 1976]; United States v Peller, 151 F Supp 242 [SD NY 1957]; Garroutte v State, 683 P2d 262 [Alaska Ct App 1984]; People v Fletcher, 193 Colo 314, 566 P2d 345 [Sup Ct, Colo 1977]; People v Gutierrez, 622 P2d 547 [Sup Ct, Colo 1981].)
This court finds the Federal cases to be very persuasive because the Federal test for newly discovery evidence is extremely similar to the New York test. The Federal standard, often referred to as the ”Berry rule”, provides that a defendant may bring a motion when:
(1) the evidence has come to his knowledge since the trial;
(2) it was not owing to the want of due diligence that it did not come sooner;
(3) it is so material that it would probably produce a different result, if a new trial was granted;
*54 (4) it was not cumulative;
(5) the affidavit of the witness himself should be produced, or its absence accounted for; and
(6) it did not impeach the character or credit of a witness. (Berry v State, 10 Ga 511, 527 [1851].) The only difference between the Berry rule and the standard set forth by the New York Court of Appeals in People v Salemi (supra) is the Federal requirement of the witness’s affidavit, but as a practical matter this is a sine qua non for the bringing of such a motion.
The Federal courts have reasoned that, "[w]hen a defendant who has chosen not to testify subsequently comes forward to offer testimony exculpating a codefendant, the evidence is not 'newly discovered’ ” (United States v Diggs, 649 F2d, supra, at 740), but rather, the evidence is "newly available”. (United States v Metz, 652 F2d, supra, at 480; see also, Garroutte v State, 683 F2d, supra, at 268.) However, " 'newly available evidence’ ” is not synonymous with " 'newly discovered evidence’ ” (United States v Metz, supra, at 480; cf., State v Gerdes, 258 NW2d 839 [SD 1977]). Indeed, courts are urged to "exercise great caution in considering evidence to be 'newly discovered’ when it existed all along and was unavailable only because a co-defendant, since convicted, had availed himself of his privilege not to testify.” (United States v Jacobs, 475 F2d, supra, at 286, n 33.) This is because the evidence is not really newly discovered since the substance of the proffered testimony was always known by the defendant seeking a retrial. (See, Coplin v United States, 88 F2d 652, 665 [9th Cir], cert denied 301 US 703 [1937]; United States v Matthews, 424 F Supp, supra, at 341.)
Additionally, the once unavailable defendant who now seeks to exculpate his codefendant lacks credibility since he has nothing to lose by testifying untruthfully regarding the alleged innocence of the defendant seeking a retrial. (See, United States v Carlin, 573 F Supp, supra, at 47.) Consequently, "absent special circumstances, a motion for a retrial on these grounds merits denial.” (United States v Carlin, supra, at 47; see, contra, Whitmore v State, 570 SW2d 889 [Tex Crim App 1977]; Etter v State, 629 SW2d 839, 841 [Ct App, Tex 1982], affd 679 SW2d 511 [Tex Crim App 1984]; State v Gerdes, supra.)
As the Court of Appeals has observed, there is no constitutional requirement that a conviction be set aside *55 where testimony is unavailable because a witness takes refuge in his privilege against self-incrimination, and that the government should not be penalized as a result of that witness’ exercise of his Fifth Amendment rights. (People v Sapia, 41 NY2d 160, 165 [1976]; see also, People v Fields, 66 NY2d 876, 877 [1985].) Accordingly, this court, consistent with the cited Federal decisions, held that Crawford’s previously "unavailable” testimony did not constitute "newly discovered evidence” as these terms are used in CPL 440.10 (1) (g).
PUBLIC POLICY
Finally, this court believes that as a matter of public policy Crawford’s testimony should not be considered as "newly discovered”. Here, at the time of his plea, Crawford was neither willing to testify nor to exculpate defendant. Only now that Crawford’s time for appeal has run and he is on parole is Crawford willing to come forward, apparently because he no longer has anything to lose by exculpating defendant at this late date. As the People observe, if this "testimony” were to be considered newly discovered evidence by the court, every case involving codefendants would be subjected to applications for new trials after one defendant has served his time and now seeks to exculpate a codefendant. Were this a case in which there was proffered evidence that was so clearly exculpatory, even though as a matter of law, not "[n]ew evidence”, that a new trial or dismissal should be granted in the interest of justice, the appellate court has the jurisdiction, which this court does not, to grant the application in such interest. (CPL 470.15 [3] [b]; see, People v Kidd, 76 AD2d 665 [1st Dept 1980].)
Accordingly, this court denied defendant’s motion to vacate his judgment of conviction, having found that Levon Crawford’s proffered testimony did not satisfy any of the requirements of CPL 440.10 (1) (g) for newly discovered evidence.
INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM
Defendant further contended that his trial attorney failed to provide him with constitutionally competent legal assistance for a laundry list of reasons. This court rejected defendant’s contentions and found that defense counsel provided him with such meaningful assistance throughout the pretrial proceedings and trial as met constitutional standards.
Initially, this court notes that defendant’s former attorney is deceased and therefore unable to defend himself against *56 those accusations which do not appear on the record. Additionally, the instant motion, made approximately a year after counsel’s death, represents the first time defendant has voiced any dissatisfaction with the representation he received. Consequently, this court views defendant’s accusations with skepticism (compare, People v Simon, 75 AD2d 516 [1st Dept 1980]).
Moreover, this court finds that most of defendant’s complaints regarding his attorney’s representation at the suppression hearing and trial could be determined based on the record. CPL 440.10 (2) (b) provides that a motion to vacate a judgment of conviction must be denied where sufficient facts appear on the record to permit adequate review on direct appeal, thus preventing CPL 440.10 from being employed as a "substitute for direct appeal” when defendant is in a position to raise such an issue on appeal. (People v Cooks, 67 NY2d 100, 103 [1986].) Therefore, those portions of defendant’s motion which appear on the record were essentially summarily denied. (CPL 440.10 [2] [b].)
Turning to defendant’s remaining claims, this court finds them to be meritless. Clearly, the Federal and State Constitutions guarantee the right to effective assistance of counsel (US Const 6th Amend; NY Const, art I, § 6). However, because a lawyer is presumed "competent to provide the guiding hand that the defendant needs * * * the burden rests on the accused to demonstrate [such] a constitutional violation.” (United States v Cronic, 466 US 648, 658 [1984].) Therefore, claims of ineffective assistance of counsel are evaluated in light of counsel’s "role * * * [of] ensuring] that the trial [including any preliminary proceedings] is fair” (Strickland v Washington, 466 US 668, 685 [1984]).
"[W]hat constitutes effective assistance is not and cannot be fixed with precision, but varies according to the particular circumstances of each case”. (People v Rivera, 71 NY2d 705, 708 [1988].) Under State law, the constitutional requirement is met "[s]o long as the evidence, the law, find the circumstances of a particular case, viewed in totality * * * reveal that the attorney provided meaningful representation”. (People v Baldi, 54 NY2d 137, 147 [1981].) Under Federal law, a defendant must show not only professionally unreasonable error by counsel, but also prejudice to the defense to the extent that "but for counsel’s unprofessional errors, the result of the proceeding would have been different.” (Strickland v Washington, 466 US, supra, at 694.) Thus, "the accused is entitled to 'a reasonably competent attorney’ * * * whose advice is 'within *57 the range of competence demanded of attorneys in criminal cases.’ ” (United States v Cronic, 466 US, supra, at 655.)
Under either standard, the constitutional requirement has been met in this case.
Defendant, ignoring examples of counsel’s competence, contends that his attorney was an alcoholic who was repeatedly late for court. First, an attorney’s indulgence in alcohol is not in itself enough to constitute a per se violation of defendant’s right to effective assistance of counsel. (See, e.g., People v Williams, 140 Misc 2d 136 [Sup Ct, Queens County 1988]; Hernandez v Wainwright, 634 F Supp 241, 245 [SD Fla 1986], affd 813 F2d 409 [11th Cir 1987].) Second, counsel’s lateness for court appearances does not render him ineffective. Third, even though defense counsel had been hospitalized for alcohol rehabilitation immediately prior to defendant’s trial, defendant offers no proof that counsel’s hospitalization in any way prevented him from preparing defendant’s case prior to or after his hospital stay.
Moreover, defendant’s allegation that counsel’s alcoholism caused his lateness and incompetence is totally unsubstantiated. The record shows no incapacity on the attorney’s part as a result of his allegedly being an alcoholic nor any concern by the court for the presence of an intoxicated lawyer. If this court had observed defense counsel to be in an intoxicated state, it would not have permitted him to represent defendant. Because defendant has failed to demonstrate how his alcoholic condition either caused counsel to render deficient representation or resulted in prejudice to defendant’s case, this court cannot posit that defense counsel’s alleged alcoholism deprived defendant of any State or Federal constitutional right. (See, Hernandez v Wainwright, supra.)
Defendant also points out that his trial counsel had been disbarred from 1956 to 1977. Whatever previous disciplinary problems counsel may have had nine years before defendant’s trial are in no way relevant to determining counsel’s effectiveness in defendant’s case. (See, e.g., People v Dattilo, 132 AD2d 726, 729 [3d Dept 1987].)
In Mapp v Clement (451 F Supp 505, 510 [SD NY 1978], affd 591 F2d 1330 [2d Cir 1978], cert denied 440 US 948 [1978]), the court said that "[u]nhappiness with the outcome of a trial clearly does not warrant a subsequent attack on the adequacy of representation.” This is true in defendant’s case. Despite the host of alleged errors cited by defendant as to the *58 substandard performance of Mr. Huggins’ attorney, the record attests to the credible advocacy provided by him. This is not to say that this court was satisfied that the deceased attorney display that level of professional competence it would have preferred he had. But it is patently clear that counsel’s representation of defendant fell "within the wide range of reasonable professional assistance”, and that defendant was afforded effective assistance of counsel. (Strickland v Washington, supra, at 689; People v Baldi, supra.) Therefore, the motion to dismiss upon the ground of incompetency of counsel was also accordingly denied.
For the foregoing reasons the application for an order vacating defendant’s judgment of conviction pursuant to CPL 440.10 was denied in its entirety.