■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CONSTANTINO ROSSI, JR., Appellant.—Judgment unanimously affirmed. Memorandum: On this appeal from a judgment of conviction for murder in the second degree, manslaughter in the first degree and arson in the second degree, defendant contends that the jury verdicts were not supported by legally sufficient evidence and were contrary to the weight of evidence; that the trial court erred in permitting expert witnesses to testify that the fire was intentionally set and in permitting a prosecution witness to remark that he had taken a polygraph examination; that comments by the prosecutor during summation deprived defendant of a fair trial; that the court abused its discretion in denying his posttrial motion to

set aside the verdict upon the ground of newly discovered evidence; and that his sentences were harsh and excessive.

Three prosecution witnesses testified that while incarcerated in the Oswego County Jail, defendant confessed to them that he set the fire and killed two children of the woman with whom he lived. After trial, defendant moved pursuant to CPL 330.30 (3), to set aside the verdict upon the ground that one of these witnesses had recanted his testimony. At the hearing on this motion, the witness denied making the purported sworn statement recanting his trial testimony. Under the circumstances, defendant failed to prove that the witness would testify in a different fashion at a new trial, and the trial court properly exercised its discretion in denying the motion *(see, People v Behlin,* 133 AD2d 835; *People v Rivera,* 108 AD2d 829, 830). Moreover, proof of defendant's guilt was overwhelming, and it was unlikely that the purported new evidence would result in a verdict more favorable to the defendant *(see, People v Rivera, supra).*

The court did err in admitting expert opinion testimony that the fire was intentionally set *(see, People v Abreu,* 114 AD2d 853, 854; *People v Vincek,* 75 AD2d 412, 416). Defendant failed to object to such testimony upon that ground and thus, failed to preserve this issue for our review *(see, People v Nuccie,* 57 NY2d 818; *People v West,* 56 NY2d 662). We decline to exercise our discretionary powers of review.

We have reviewed defendant's remaining claims and find them to be either unpreserved or without merit. (Appeal from judgment of Oswego County Court, Hurlbutt, J.—murder, second degree, and other charges.) Present—Boomer, J. P., Green, Pine, Balio and Davis, JJ.