THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY BROWN, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of criminal possession of a forged instrument in the second degree, attempted petit larceny and criminal possession of stolen property in the fifth degree, arising out of the forgery of a stolen check.

After his trial but before sentencing, defendant moved to set aside the verdict, arguing that since the trial he had received an affidavit of codefendant Lawrence Evans absolving defendant of any involvement in the check-cashing fraud and implicating another individual instead. Defendant contended that, if this information was known to the People before trial, it constituted *Brady* material (see, *Brady v Maryland*, 373 US

83), and, if it was not known, it constituted newly discovered evidence (CPL 330.30 [3]).

The People opposed the motion on the ground that there was no showing that Evans had personal knowledge of the incidents giving rise to the six counts against defendant, that during his plea colloquy Evans had given two inconsistent versions of the crime to which he pleaded guilty, that his sworn statement submitted on the instant motion gave yet another version, and that Evans had orally given a fourth version to the Assistant District Attorney after his plea. The People also alleged that this information was conveyed to defense counsel, an allegation that defense counsel denied.

The court denied the motion on the grounds that Evans' conclusory statement that defendant was not involved was not supported by any facts, and that the statement did not deal specifically with events on the date defendant was charged with crimes. The court noted that the presentence report indicated that Evans gave a different version of events every time he was asked to relate what had happened and concluded that Evans was not truthful. The author of the presentence report suspected collusion because Evans spent most of his interview trying to convince the investigator that defendant was innocent.

Defendant failed to request *Brady* material. He is not entitled to a new trial based on a *Brady* violation because he has not shown that there is a reasonable probability that, had the evidence been disclosed, the result of the trial would have been different *(see, United States v Bagley,* 473 US 667; *People v Chin,* 67 NY2d 22; *cf., People v Vilardi,* 76 NY2d 67). The same test applies to his argument that the affidavit was newly discovered evidence *(see, People v Burnette,* 117 AD2d 987, 988).

We have examined defendant's remaining contentions and find them lacking in merit. (Appeal from judgment of Supreme Court, Erie County, Kubiniec, J.—criminal possession of forged instrument, second degree.) Present—Denman, J. P., Boomer, Pine, Balio and Lawton, JJ.