■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR ROBLES, Appellant.—Judgment, Supreme Court, New York County (Rose Rubin, J.), rendered October 29, 1986, convicting defendant, after a jury trial, of murder in the second degree and sentencing him to a term of 17 years to life, is unanimously affirmed.

The court did not err in denying defendant's postconviction motion pursuant to CPL 330.30 to set aside the verdict on the basis of newly discovered evidence. The evidence introduced at the hearing was for the most part not shown to have been unavailable to defense counsel at time of trial, and was essentially cumulative. "It must be shown that the evidence could not with due diligence have been produced by the defendant at the trial, and is of such character as to create a probability that such evidence would have resulted in a verdict more favorable to the defendant". *(People v Suarez,* 98 AD2d 678.)

Defendant's contentions that the court erred by failing to provide certain jury instructions are raised for the first time on appeal and are not preserved for review as a matter of law (CPL 470.05 [2]). Counsel never requested the court to instruct the jury that it must not speculate concerning Orlando Robles' testimony. In any event, in its general closing charge, the court clearly instructed the jury that it must not base its verdict on speculation or surmise, and that unanswered questions do not constitute evidence. Nor did defendant request the trial court to instruct the jury that the Grand Jury testimony of Benedicta Diaz, the recanting witness, was intro-

duced solely to impeach her trial testimony, and was not evidence-in-chief. Moreover, this evidence was also introduced to demonstrate that threats made on defendant's behalf had induced Diaz to alter details of her previously positive identification of defendant. While defendant claims that the court erred by not instructing the jury that evidence evincing consciousness of guilt is of only low probative value, the claim, as noted, is not preserved. Thus, we do not reach the question of whether the instruction should have been provided. In any event, defendant finds error in the court's failure to provide an instruction which essentially modifies a general charge on consciousness of guilt, but since the court never provided any charge on consciousness of guilt, defendant's point is academic.

Defendant's challenge to a prosecution witness's repetition of a hearsay reference to defendant's sale of drugs, an uncharged crime, was immediately stricken by the court and defendant did not request any further relief. Thus, no error of law was preserved for review (People v Medina, 53 NY2d 951, 953). In any event, the prosecutor never alluded to the testimony and the court's prompt action in striking the comment dispelled any possible prejudice.

While defendant, in his supplemental pro se brief, asserts his guilt was not proved beyond a reasonable doubt, there was compelling evidence, which the jury was entitled to rely on, that defendant stabbed Albert Benloulou to death. The contradictions in the testimony of Benedicta Diaz and the testimony given by defendant's witnesses merely created factual questions which were properly resolved by the jury.

We have examined the remaining contentions by the defendant and find them to be without merit. Concur—Ross, J. P., Milonas, Rosenberger, Asch and Ellerin, JJ.