■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v INGRESS TAYLOR, Respondent. [668 NYS2d 583] —Order, Supreme Court, Bronx County (Alexander Hunter, J.), entered August 1, 1996, granting defendant's motion brought pursuant to CPL 440.10 to vacate a judgment of the same court and Justice, rendered October 20, 1994, convicting defendant of robbery in the first and second degrees, and sentencing him to concurrent terms of from 2 to 6 years and 1½ to 4½ years, unanimously reversed, on the law, the motion to vacate the judgment denied, the judgment of conviction reinstated, and defendant directed to surrender for execution of any unserved balance of said sentence.

Defendant and Sinclair Huggins were jointly tried for the robbery of Fermin Borquin in a Bronx subway station. Both were arrested approximately two weeks later in a neighborhood Social Security office shortly after Borquin spotted them together on the street. Neither defendant nor Huggins testified at trial, but defendant's sister testified that he was at home with the chicken pox the night of the robbery. Following their convictions, defendant, represented by new counsel, brought a motion pursuant to CPL 440.10 (1) (h), seeking to vacate the judgment on the ground of ineffective assistance of trial counsel. The motion was denied, and no appeal was taken from that decision. On his direct appeal, which included an inadequate trial counsel claim, this Court affirmed defendant's judgment of conviction in December 1995 (222 AD2d 204); in January 1997, we affirmed Huggins's judgment of conviction (235 AD2d 315, *lv denied* 89 NY2d 1036).

In January 1996, appellate counsel brought the instant motion on defendant's behalf, renewing the ineffective representation argument and asserting the existence of "newly discovered evidence." As to the latter, appellate counsel's affidavit cited two items: first, a police officer Ryan could testify that he saw defendant several hours before the robbery, and that defendant was confined at home with the chicken pox that night; and second, Sinclair Huggins was prepared to testify that he did not know defendant prior to their arrest. The court ordered a hearing, which was held in June 1996. Defendant testified regarding his arrest and the lack of prior acquaintance with

Huggins; both he and his common-law wife, with whom he did not reside, testified as to their legitimate business in the Social Security office that day, and documentary evidence was produced to substantiate their testimony in this respect. Huggins testified that he did not know defendant prior to their arrest and that he had signed an affidavit to this effect, which was notarized and dated April 22, 1996. He denied committing the robbery. Officer Ryan did not testify, and counsel did not submit any affidavit from him.

In a written decision, the hearing court granted the motion on the ground that Huggins's testimony constituted newly discovered evidence, and that, had it been received at trial, there was a probability that the verdict would have been more favorable to defendant. Accordingly, it vacated the conviction, ordered a new trial and set bail. We now reverse, finding that the proffered evidence did not meet the statutory standard to qualify as newly discovered evidence.

Pursuant to CPL 440.10 (1) (g), a court may vacate a judgment on the ground that "[n]ew evidence has been discovered since the entry of a judgment based upon a verdict of guilty after trial, which could not have been produced by the defendant at the trial even with due diligence on his part and which is of such character as to create a probability that had such evidence been received at the trial the verdict would have been more favorable to the defendant; provided that a motion based upon such ground must be made with due diligence after the discovery of such alleged new evidence". The power to set aside a verdict on this ground is purely statutory (*People v Suarez*, 98 AD2d 678, *lv denied* 61 NY2d 766), and, in order to satisfy the statute, the proffered evidence must meet six criteria: it must be of such nature that it would probably change the result if a new trial were held; it must have been discovered after trial; it must have been undiscoverable prior to or during trial notwithstanding defendant's exercise of due diligence; it must be material to the issue; it must not be merely cumulative; and it must not merely impeach or contradict evidence given at trial (*People v Salemi*, 309 NY 208, 216, *cert denied* 350 US 950; *People v Suarez, supra*, 98 AD2d, at 679).

Contrary to the hearing court's conclusion, Huggins's affidavit was not "newly discovered" or discoverable only after trial. The actual date of the affidavit (April 1996) is not dispositive; the issue is whether the information contained therein—that the two men were strangers prior to their arrest—was new. Clearly, such information was known to both from the very moment they were arrested and cannot be said to have been

"newly discovered." Both, however, chose to exercise their Fifth Amendment right not to testify at trial; what was "new" at the time of the motion was simply that Huggins was prepared to testify to this single proposition. Indeed, the hearing court, in granting the motion, noted that defendant himself could have testified to this effect (in direct conflict with the notion that the evidence was "new" or "newly discovered"), but that it would have been "more persuasive" coming from Huggins.

While there are cases holding that where a defendant who did not testify at trial later submits an inculpatory affidavit exculpating another defendant, such affidavit *may* constitute newly discovered evidence and warrant a hearing (*People v Beach*, 186 AD2d 935; *People v Staton*, 224 AD2d 984), this is hardly such a case. Conspicuously absent from Huggins's proffered testimony is anything inculpatory as to him or, consequently, anything actually exculpatory as to defendant (*see, e.g., People v Mendez*, 147 AD2d 712, 713-714, *lv denied* 74 NY2d 666); the mere disclaimer of prior acquaintance is neither. At best, such testimony would contradict the testimony of the complainant that he saw the two together on two separate occasions—the time of the robbery and shortly before arrest—or would be merely cumulative to the misidentification evidence offered by the testimony of defendant's sister. Such contradictory or cumulative evidence, pursuant to the criteria listed above, does not satisfy the statute (*see, e.g., People v Shaw*, 221 AD2d 265, *lv denied* 87 NY2d 977).

We further disagree with the hearing court's conclusion that the proffered testimony, if received at trial, would have created the "probability"—not merely the possibility—of a verdict more favorable to defendant (*People v Rodriguez*, 193 AD2d 363, *lv denied* 81 NY2d 1079; *People v Suarez, supra*). The complainant testified at trial that he saw the two men not just during the robbery but also two weeks later, walking together on the street. While no specific evidence was presented regarding a prior relationship between the two, it is hard to see how Huggins's claim that they were strangers, without more, would have "probably" changed the verdict (*see, e.g., People v Mendez, supra*). This is particularly true since, according to the record on this appeal, both men had given the same work address at their pre-arraignment probation interview. Included in the record are colloquies with the defense attorneys prior to commencement of trial concerning under what circumstances the prosecutor could elicit evidence concerning their common employer if either testified and claimed they were strangers. These discussions serve to further defeat both the "newly

discovered" aspect of the present claim and the hearing court's conclusion that Huggins's testimony would somehow render the complainant's identification "incredible."

Finally, we note that the hearing court inexplicably credited defendant's account of his arrest, which directly conflicted with the trial testimony of both the complainant and the arresting officer. According to defendant, Huggins was arrested first, and, in the process of escorting him from the room, the arresting officer bumped into defendant; it was only the accidental physical contact that drew complainant's attention to defendant and prompted him to identify defendant as the other robber. However, according to both the complainant and the arresting officer, the complainant first pointed out defendant, then looked around and pointed out Huggins, who was elsewhere in the room.

Accordingly, in view of defendant's failure to meet at least the two statutory criteria discussed above, his motion to vacate the judgment of conviction should have been denied. Concur— Sullivan, J. P., Milonas, Tom, Mazzarelli and Andrias, JJ.