■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACOB REYES, Appellant. [872 NYS2d 19]—

Judgment, Supreme Court, Bronx County (Martin Marcus, J.), rendered August 9, 2006, convicting defendant, after a jury trial, of manslaughter in the first degree, and sentencing him to a term of 25 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning credibility, including its resolution of inconsistencies in testimony.

The court properly denied defendant's CPL 330.30 (3) motion to set aside the verdict on the ground of newly discovered evidence relating to an incident in which the People's eyewitness possessed a small quantity of drugs. This evidence would not have created any reasonable possibility of changing the result, let alone the "probability" required by the statute (see e.g. People v Taylor, 246 AD2d 410 [1998], lv denied 91 NY2d 978 [1998]). Although defendant argues that, under the circumstances of the case, this incident was not mere impeachment material, but related to the witness's alleged motive to falsely inculpate him, we find that argument unpersuasive. In any event, even under defendant's theory of relevance, the new evidence was entirely cumulative to trial testimony concerning the same incident. To the extent that defendant is raising a constitutional claim, such claim is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits.

We perceive no basis for reducing the sentence. Concur—Mazzarelli, J.P., Friedman, Buckley, Acosta and Freedman, JJ.