■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONNELL ALSTON, Appellant. [936 NYS2d 41]—

The court properly denied defendant's CPL 440.10 (1) (g) motion to vacate the judgment on the ground of newly discovered evidence. This evidence would not have created any reasonable possibility of changing the result, let alone the "probability" required by the statute (*see e.g. People v Taylor*, 246 AD2d 410 [1998], *lv denied* 91 NY2d 978 [1998]).

Despite minor inconsistencies in her testimony, the victim of this robbery of an antique shop made an unusually reliable identification. On the date of the robbery, the victim had three separate conversations with defendant, who was posing as a shopper. The first conversation was approximately 45 minutes long. Since each conversation made reference to the preceding conversation, there is no doubt that the victim encountered the same man each time. Moreover, defendant's fingerprints were found on a jewelry display case, and there was evidence warranting an inference that it was at least likely that these prints were left on the day of the robbery.

The newly discovered evidence consisted of potential testimony by a customer in the store at the time of the robbery. According to the customer, defendant was not the robber, and there were differences in his appearance from that of the rob-

ber. However, in contrast to the victim, the customer had a very limited opportunity to observe defendant. Accordingly, the motion court properly concluded that it was not probable that the customer's testimony would have overcome the strong evidence against defendant.

The court properly exercised its discretion in denying defendant's mistrial motion, made after a police witness gave testimony about fingerprints that the court found to be beyond the witness's competence. The court struck this testimony and gave thorough curative instructions that were sufficient to prevent any prejudice (*see People v Santiago*, 52 NY2d 865 [1981]), and which the jury is presumed to have followed (*see People v Davis*, 58 NY2d 1102, 1104 [1983]).

Defendant's remaining evidentiary claims are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we find that evidence of repetitive conduct regarding the cleaning of the display case was correctly received, and that the admission of a prior consistent statement was harmless error. Concur—Saxe, J.P., Sweeny, Moskowitz, Manzanet-Daniels and Román, JJ.