(November 21, 2017)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON TENEYCK, Appellant. [65 NYS3d 22]—

Judgment, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered July 30, 2013, as amended October 16, 2013, convicting defendant, after a jury trial, of conspiracy in the fourth degree, criminal sale of a firearm in the second degree, criminal sale of a firearm in the third degree (seven counts), criminal possession of a weapon in the second degree (seven counts), attempted criminal possession of a weapon in the second degree and attempted criminal sale of a firearm in the third degree, and sentencing him to an aggregate term of 31⅓ years, and order, same court and Justice, entered on or about October 26, 2016, which denied defendant's CPL 440.10 motion to vacate the judgment, unanimously affirmed.

The verdict, which rejected defendant's entrapment defense, was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348 [2007]). There is no basis for

disturbing the jury's credibility determinations. In any event, defendant's testimony, even if credited, did not establish that anyone acting in cooperation with a public servant induced defendant to engage in conduct he was not predisposed to commit, rather than merely taking an opportunity offered to him (*see People v Blunt*, 110 AD3d 635, 636 [1st Dept 2013], *lv denied* 22 NY3d 1087 [2014]).

Defendant's contention that the court improperly modified its *Sandoval* ruling shortly before defendant began to testify is unpreserved, and we decline to review it in the interest of justice. As an alternative holding, we find it unavailing (*see e.g. People v Ramos*, 255 AD2d 203 [1st Dept 1998], *lv denied* 93 NY2d 856 [1999]).

Any impropriety in the sole argument in the prosecutor's summation challenged on appeal was not so egregious or pervasive as to warrant reversal (*see People v D'Alessandro*, 184 AD2d 114 [1st Dept 1992], *lv denied* 81 NY2d 884 [1993]). In any event, any error concerning the modified *Sandoval* ruling or the prosecutor's summation was harmless in light of the overwhelming evidence of guilt (*see People v Crimmins*, 36 NY2d 230 [1975]).

The court providently exercised its discretion in denying defendant's motion to vacate the judgment on the ground of newly discovered evidence. The court reasonably found that a codefendant's posttrial affidavit did not constitute newly discovered evidence within the meaning of CPL 440.10 (1) (g), because the codefendant's account of his meetings and arrangements with defendant to sell firearms were already known to defendant (*see People v Taylor*, 246 AD2d 410 [1st Dept 1998], *lv denied* 91 NY2d 978 [1998]). It is of no moment that defendant was purportedly unaware of the codefendant's status as a confidential informant for the police at the time of the incidents, since the defense was aware of this fact throughout trial. Furthermore, the codefendant's allegation that he intended to instill fear in defendant by displaying a weapon had less probative value than defendant's testimony about his subjective reaction to seeing the weapon, and the affidavit was otherwise largely cumulative to defendant's testimony and other trial evidence. Thus, the court properly found that there was no probability that the information in the affidavit would have caused the verdict to be more favorable to defendant, even assuming that the codefendant would have been called to testify about that information notwithstanding his assertion of the Fifth Amendment privilege against self-incrimination at trial (*see id.*).

We perceive no basis for reducing the sentence, which, we note, is capped at 20 years by operation of law.

We have considered and rejected defendant's pro se claims. Concur—Acosta, P.J., Tom, Webber, Gesmer and Singh, JJ.