OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Defendant Willie Fields was convicted after a nonjury trial of various crimes arising from the abduction of a woman and child from a shopping mall parking lot. The court subsequently vacated the convictions pursuant to CPL article 440 on the grounds of newly discovered evidence. The new evidence consisted of a written statement given by one Sylvester Bell to the police which exonerated Willie Fields and implicated another man in the crimes.
The People contend that there was insufficient evidence to support the court’s finding that new and competent evidence existed, arguing that Bell’s statement, admitted at the hearing because Bell invoked his 5th Amendment privilege, was inadmissible hearsay.
On appeal, our review of the trial judge’s ruling is limited to determining whether there was a sufficient factual predicate to support the admission of Bell’s statement as a declaration against penal interest. The statement satisfies the prerequisites for admission of such declarations set forth in People v Settles (46 NY2d 154) and, therefore, it was properly considered by the court. It could have found that Bell was not available to testify because he asserted his 5th Amendment privilege, the detailed recitals of his statement and the surrounding circumstances made it clear that he had knowledge of the events, that his statement was trustworthy and that the statement inculpated him as an aider or facilitator of the crime. The People contend that there is no evidence that Bell was aware of the fact that he was incriminating himself at the time he made the statement, but his reluctance to sign the statement and his delay in doing so, the unambiguous admissions that he had assisted the rapist and his statements to *878 others that he did not want to sign the statement because he wanted to keep out of trouble were sufficient to establish his awareness that he might become implicated. Having concluded as a matter of law that the trial judge had a basis for the exercise of his discretion to grant a new trial, namely that Bell’s statement was admissible, we do not and indeed cannot review the exercise of that discretion.
Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye, Alexander and Titone concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed in a memorandum.