■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY BEACH, Appellant.—Mercure, J. Appeal, by permission, from an order of the County Court of Franklin County (Rogers, J.), entered December 11, 1991, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crime of criminal possession of a controlled substance in the first degree, without a hearing.

On April 9, 1984 in the Village of Tupper Lake, Franklin County, police stopped a car which had been leased by Stephen Lennon and was, at the time, being driven by defendant. A search of the vehicle and its contents disclosed cocaine in the pocket of a black leather jacket found lying on the back seat, in a paper bag located under the driver's seat, and in a large clothes bag and the pocket of a brown leather coat found

in the trunk. The aggregate weight of the cocaine was slightly in excess of four ounces. Defendant and Lennon were indicted for criminal possession of a controlled substance in the first degree and convicted following a joint jury trial at which neither testified.

In September 1991, defendant made application pursuant to CPL 440.10 (1) (g) to vacate the judgment of conviction upon the ground of newly discovered evidence; to wit, a signed statement of Lennon, sworn to on September 2, 1991, relating that, with the exception of the small amount of cocaine found in the black leather jacket on the back seat, Lennon had secreted the cocaine in the car and defendant was totally unaware of its existence. Despite the People's lack of opposition, County Court denied the motion without a hearing (see, CPL 440.30 [4]), primarily upon the ground that Lennon's affidavit did not constitute newly discovered evidence within the purview of CPL 440.10 (1) (g) because defendant could have presented the same evidence at trial through his own testimony. Defendant appeals by permission of a Justice of this Court.

Because it is our view that County Court erred in summarily denying defendant's motion, we reverse and remit the matter for a hearing pursuant to CPL 440.30 (5). Contrary to County Court's determination, the affidavit of a codefendant who had previously exercised his 5th Amendment right not to testify may constitute newly discovered evidence (see, People v Fields, 66 NY2d 876; People v Stokes, 83 AD2d 968; People v Pollock, 67 AD2d 608, affd 50 NY2d 547). Further, because the facts alleged in Lennon's affidavit do not appear to have been "conclusively refuted by unquestionable documentary proof" (CPL 440.30 [4] [c]) or "contradicted by a court record or other official document" (CPL 440.30 [4] [d] [i]) and it cannot be said that "there is no reasonable possibility that [they are] true" (CPL 440.30 [4] [d] [ii]), County Court was not permitted to reject the affidavit as facially incredible; rather, an evidentiary hearing should have been conducted (see, CPL 440.30 [4], [5]; People v Stokes, supra, at 969; cf., People v Mendez, 147 AD2d 712, lv denied 74 NY2d 666; People v Suarez, 98 AD2d 678).

Levine, J. P., Mahoney, Casey and Harvey, JJ., concur. Ordered that the order is reversed, on the law, and matter remitted to the County Court of Franklin County for a hearing pursuant to CPL 440.30 (5).