Rosenblatt, J.
(concurring). I am constrained to agree that this Court lacks jurisdiction to review the.import of the newly discovered evidence that Justice Shaw presented to the Commission. I write separately to express my concern with a process in which newly discovered allegations of perjury were never heard firsthand by a neutral arbiter.
This is no ordinary case. The Commission’s original censure determination was based entirely on the testimony of Jacqueline Bland and Caroline Rucker, each of whom alleged that Justice Shaw engaged in sexual harassment. While review of the censure determination was pending before us, Shelley Williams told Justice Shaw that Rucker admitted to having fabricated the charges along with Bland.
Based on Williams’ affidavit, Justice Shaw moved the Commission for reconsideration. As part of his motion he requested that a neutral party (the Referee or the Commission itself) conduct a hearing to evaluate Williams’ testimony firsthand before rendering a decision. With no one except Williams’ attorney present, Commission Counsel — the prosecutorial arm of the Commission — interviewed Williams on the record. He compellingly impeached Williams’ credibility as to various collateral matters. He did not, however, disprove her central allegation — that Justice Shaw had been framed and that the testimony against him was perjured.
Arguing that Williams was not credible, Commission Counsel thereafter opposed Justice Shaw’s motion to reconsider. He submitted an affidavit by Rucker (in which she denied Williams’ allegations) and a transcript of the Williams interview. Based on these submissions, the Commission denied Justice Shaw’s request for a hearing (and for reconsideration generally), holding that the Williams evidence did “not create a reasonable possibility or a probability that [the] Determination would be altered.” (Emphasis added.) The Commission thus mingled two wholly distinct evidentiary criteria — “possibility” *15 and “probability.”[1] Consequently, Williams was never produced before the Commission or the Referee. In the end, Justice Shaw received less consideration than is normally accorded parties in criminal or civil cases who come in with newly discovered evidence. I find this troubling.
When a criminal case defendant moves for reconsideration based on newly discovered evidence, the evidence typically is in the form of a witness affidavit. At that stage, the court may deny the motion summarily only if the new allegation of fact “is conclusively refuted by unquestionable documentary proof’ (CPL 440.30 [4] [c]) or there is otherwise “no reasonable possibility that such allegation is true” (CPL 440.30 [4] [d] [ii] [emphasis added]). If the allegations have not been refuted documentarily and there remains a reasonable possibility that the allegation is true, the court must conduct a hearing (CPL 440.30 [5]; see also, People v Staton, 224 AD2d 984; People v Beach, 186 AD2d 935).[2] To gain a new trial, however, the defendant must go further, and adduce testimony at the hearing sufficient to establish that there is a “'probability that had [the newly discovered] evidence been received at the trial the verdict would have been more favorable to the defendant” (CPL 440.10 [1] [g] [emphasis added]). A similar practice exists in civil cases when, pursuant to CPLR 5015 (a) (2), a litigant challenges a judgment or order based on newly discovered evidence. Thus, in Pollio Dairy Prods. Corp. v Sorrento Cheese Co. (62 AD2d 1015, 1016), the trial court committed reversible error when it failed to conduct a hearing with regard to newly discovered allegations of fraud and instead decided a CPLR 5015 motion solely on affidavits.
Williams might well have been lying. Based on the parties’ submissions to the Commission, however, I cannot rule out the reasonable possibility that she was telling the truth as to the *16 alleged frame-up. The gravity of her allegations called for direct inquiry by a neutral arbiter. I would have voted to remand the matter for that purpose, had we the jurisdiction to do so.
The Commission is of course entitled to create its own standard in dealing with newly discovered evidence. Here, however, it formulated one that is impracticable and as a result the Williams evidence was never adequately considered. This is not to say that the CPL’s “reasonable possibility” standard is per se obligatory on the Commission or that the Commission should be governed in all instances by the rationale expressed in Pollio Dairy Prods. Corp. v Sorrento Cheese Co. (supra). Both, however, provide useful guidance and, if followed, would not have resulted in what strikes me as an unsatisfactory resolution.
At oral argument Commission Counsel stated graciously that there is an arguable basis for us to review the newly discovered evidence, perhaps as part of our plenary review of the entire record (see, NY Const, art VI, § 22 [d]; Judiciary Law § 44). Similarly, the Commission, by letter dated May 12, 2000, stated that it has no objection to our doing so. For better or worse, however, our jurisdiction may not be conferred by consent or good faith offers, and I join the majority in concluding that jurisdiction is lacking here. In future cases, the Commission would of course be free to grant the motion to reconsider and render a new determination which may be the same or different from the original one. Under those circumstances, the Court may find an appropriate basis for review. Short of that, if there is to be any judicial review of the Commission’s treatment of newly discovered evidence, it would seem necessary to amend the governing statutes if not the Constitution.

. The Commission may have blended the “possibility” of truth standard in CPL 440.30 (4) with the “probability” of ultimate success standards in both CPL 440.10 (1) (g) and CPLR 5015 (a) (2). The possibility standard governs the right to have newly discovered evidence heard by a Judge at a hearing, whereas the probability standard governs whether the Judge should grant a new trial. In any event, here the standard was improperly blended, rendering it undiscernable.

. Cf., United States v LaFuente, 991 F2d 1406, 1409 (8th Cir) (remanding to District Court for hearing to determine credibility of “newly discovered” sworn allegations); DeBinder v United States, 303 F2d 203, 204 (DC Cir) (newly discovered confession by defendant’s twin brother, as alleged in affidavits by defendant’s counsel and mother, should be “tested” at a hearing in open court).