■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KOUROSH GOUYAGADOSH, Also Known as STEVEN MAHAN, Appellant. [743 NYS2d 862] —Judgment, Supreme Court, New York County (Ronald Zweibel, J.), rendered on or about July 5, 2000, convicting defendant, after a jury trial, of attempted grand larceny in the second degree and criminal possession of stolen property in the third degree, and sentencing him to an intermittent term of imprisonment of two weekends, concurrent with five years probation, unanimously affirmed.

The court properly granted the People's motion, made during jury selection, to reduce the charges of grand larceny in the second degree and criminal possession of stolen property in the second degree to the lesser included offenses of attempted grand larceny in the second degree and criminal possession of stolen property in the third degree, respectively. Even if the court's action could be viewed as an "amendment" of the indictment pursuant to CPL 200.70, the court did not impermissibly add new charges (*compare, People v Perez*, 83 NY2d 269), because each of the original counts of the indictment necessarily contained the respective reduced charges as lesser included offenses of those counts (*People v Udzinski*, 146 AD2d 245, 254, *lv denied* 74 NY2d 853; *see also, Dedieu v People*, 22 NY 178,

184). Moreover, the court clearly would have been entitled to submit these lesser included offenses to the jury at the end of the trial. By instead reducing the charges at the beginning of the trial, upon the People's concession that they could not prove the greater charges, the court could not have caused any prejudice to defendant. On the contrary, the prompt reduction tended to minimize any possible prejudice (*see, People v Mendez,* 63 AD2d 69, 72). In any event, the court's action also constituted the functional equivalent of a reduction of the charges pursuant to CPL 210.20 (1-a), made in this case on the People's concession of insufficiency before openings and the taking of any testimony. We have considered and rejected defendant's remaining arguments. Concur—Tom, J.P., Mazzarelli, Andrias, Sullivan and Friedman, JJ.