■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARCHIE ROUSE, Appellant. [778 NYS2d 621]—

Appeal from a judgment of the Monroe County Court (Richard A. Keenan, J.), rendered March 6, 2002. The judgment convicted defendant, upon a jury verdict, of robbery in the second degree (two counts) and grand larceny in the fourth degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts each of robbery in the second degree (Penal Law § 160.10 [1]) and grand larceny in the fourth degree (§ 155.30 [5]). We reject defendant's contention that the jury failed to give the evidence the weight it should be accorded on the issue of identification (*see People v Prince*, 5

AD3d 1098 [2004]; *People v Gray*, 278 AD2d 833 [2000], *lv denied* 97 NY2d 656 [2001]; *see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). We reject the further contention of defendant that County Court erred in refusing to allow him to call as a witness a codefendant who had entered a guilty plea for his role in the robbery but had not yet been sentenced. It is well settled that a codefendant awaiting sentence is entitled to assert his privilege against self-incrimination, and here the attorney for the codefendant informed the court that the codefendant would assert that privilege if called as a witness (*see People v Sobotker*, 61 NY2d 44, 48 [1984]; *People v Delgado*, 287 AD2d 327, 328 [2001], *lv denied* 97 NY2d 703 [2002]). The court's *Sandoval* ruling does not constitute an abuse of discretion. In allowing questioning concerning the facts and circumstances underlying a prior burglary conviction, the court properly "weighed appropriate concerns and limited both the number of convictions and the scope of permissible cross-examination" (*People v Hayes*, 97 NY2d 203, 208 [2002]). Finally, the sentence is not unduly harsh or severe. Present—Hurlbutt, J.P., Kehoe, Martoche and Lawton, JJ.