People v Smith (2019 NY Slip Op 53939)





People v Smith


2019 NY Slip Op 53939


Decided on November 27, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 27, 2019

109687

[*1]The People of the State of New York, Respondent,
v
Shain A. Smith, Appellant.

Calendar Date: October 10, 2019

Before: Egan Jr., J.P., Clark, Mulvey and Devine, JJ.


Paul R. Corradini, Elmira, for appellant.
Weeden A. Wetmore, District Attorney, Elmira (John R. Thweatt of counsel), for respondent.

Weeden A. Wetmore, District Attorney, Elmira (John R. Thweatt of counsel), for respondent.



Devine, J.
Appeal from a judgment of the County Court of Chemung County (Rich Jr., J.), rendered June 30, 2017, upon a verdict convicting defendant of the crime of criminal possession of a weapon in the second degree.
Defendant was riding in the front passenger seat of a vehicle that was the subject of a traffic stop in the City of Elmira, Chemung County. The police officer who effected the stop detected the smell of marihuana in the vehicle and learned that Donte Buckley, the back seat passenger, had marihuana in his possession. A search of the vehicle ensued and resulted in the recovery of two loaded and operable pistols — one under the front passenger seat and the other in that seat's back pocket — and a backpack on the front passenger floorboard containing clothing and a bag of bullets. Defendant was charged in an indictment with two counts of criminal possession of a weapon in the second degree, one count for each gun. The matter proceeded to a jury trial that ended with defendant's conviction upon one of the counts, that relating to the pistol found under the front passenger seat. After denying defendant's motion to set aside the verdict, County Court sentenced him, as a second violent felony offender, to seven years in prison and five years of postrelease supervision. Defendant appeals.
We affirm. Defendant first argues that the verdict was against the weight of the evidence. As is relevant here, a person commits criminal possession of a weapon in the second degree if he or she knowingly possesses a loaded firearm outside of his or her home or business (see Penal Law § 265.03 [3]; People v Rawlinson, 170 AD3d 1425, 1426 [2019], lv denied 33 NY3d 1107 [2019]). Defendant's presence in the vehicle further gave rise to a permissive presumption that he was in knowing possession of both firearms (see Penal Law § 265.15 [3]; People v Sostre, 172 AD3d 1623, 1625-1626 [2019], lv denied 34 NY3d 938 [2019]; People v Rawlinson, 170 AD3d at 1426-1427).
With regard to the firearm under defendant's seat that he was convicted of possessing, the People produced proof that defendant lied about his identity at the outset of the traffic stop, he could have easily placed the firearm under his seat, and the backpack on the floorboard nearby contained ammunition of the same caliber and brand as that used in the firearm, as well as men's clothing that was too large for Buckley and more suited for defendant. Defendant attempted to rebut the presumption of possession by noting the lack of direct evidence tying him to the firearm and testifying that the firearm and backpack were not his. The jury apparently found that defendant had succeeded in rebutting the presumption with regard to the firearm in the back pocket of the front passenger seat — a gun covered by a receipt bearing Buckley's name and near where Buckley was sitting — but declined to do the same for the firearm within defendant's reach that other proof suggested was under his dominion and control (see People v Oliver, 135 AD3d 1188, 1190 [2016], lv denied 27 NY3d 1003 [2016]). Accepting that a different verdict would have been reasonable, "upon reviewing the foregoing evidence in a neutral light and deferring to the jury's resolution of credibility issues, we are satisfied that the jury's verdict is in accord with the weight of the evidence" (id. at 1191 [internal citations omitted]; see People v Sostre, 172 AD3d at 1626).
Defendant's other contention is that County Court erred in denying his motion to set aside the verdict based upon newly discovered evidence.[FN1] The new evidence took the form of sworn letters by Buckley — written after both defendant's trial and Buckley's guilty plea to criminal possession of a weapon in the second degree relating to his possession of the gun recovered in the seat's back pocket — in which Buckley stated that both guns were in his possession. Inasmuch as defendant acknowledged that Buckley offered to testify but was turned down, defendant failed to "meet his burden to demonstrate that [the new evidence] could not have been produced at trial with due diligence" (People v Abrams, 73 AD3d 1225, 1228 [2010], affd 17 NY3d 760 [2011]; see CPL 330.30 [3]; People v Dym, 163 AD2d 150, 153-154 [1990], lv denied 76 NY2d 892 [1990]; compare People v Beach, 186 AD2d 935, 936 [1992]). The People further showed that Buckley's exclusive possession claims were of recent vintage and contradicted his earlier protestations of innocence. Even assuming that Buckley would have incriminated himself at defendant's trial while criminal charges against him were pending, however, the jury would have been free to reject Buckley's testimony and find, "based upon the automobile presumption, that defendant knowingly possessed" the gun under his seat (People v Blocker, 132 AD3d 1287, 1288 [2015] [internal citation omitted], lvs denied 27 NY3d 992, 1002 [2016]; see People v Lemmons, 40 NY2d 505, 510-512 [1976]; People v Carter, 60 AD3d 1103, 1106 [2009], lv denied 12 NY3d 924 [2009]). Defendant accordingly also failed to show, as required, the probability of a more favorable verdict had Buckley's claims been placed before the jury (see CPL 330.30 [3]; People v Brown, 162 AD2d 1030, 1031 [1990], lv denied 77 NY2d 836 [1991]; see also People v Shaw, 174 AD3d 1036, 1038-1039 [2019]). Thus, County Court did not abuse its discretion in denying defendant's motion without a hearing (see CPL 330.40 [2] [e] [ii]).
Egan Jr., J.P., Clark and Mulvey, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: Defendant also argued that trial counsel's failure to call Buckley to testify constituted ineffective assistance, but, to the extent that he raises that argument on appeal, it involves matters outside the record and is not the proper subject of a CPL article 330 motion (see People v Wolf, 98 NY2d 105, 119 [2002]; People v Blackman, 118 AD3d 1148, 1151 [2014], lv denied 24 NY3d 1001 [2014]; People v Hernandez, 210 AD2d 535, 536 [1994], lv denied 84 NY2d 1032 [1995]).