People v Stanton (2021 NY Slip Op 07028)





People v Stanton


2021 NY Slip Op 07028


Decided on December 16, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:December 16, 2021

110889 112039
[*1]The People of the State of New York, Respondent,
v
Matthew Stanton, Appellant.

Calendar Date:October 21, 2021

Before:Garry, P.J., Egan Jr., Aarons, Pritzker and Colangelo, JJ.

Law Office of Stephen N. Preziosi, PC, New York City (Stephen N. Preziosi of counsel), for appellant.
P. David Soares, District Attorney, Albany (Michael E. Wetmore of counsel), for respondent.



Garry, P.J.
Appeals (1) from a judgment of the Supreme Court (McDonough, J.), rendered May 11, 2018 in Albany County, convicting defendant following a nonjury trial of the crimes of burglary in the first degree, assault in the second degree (three counts), aggravated criminal contempt (two counts), criminal contempt in the second degree (three counts), assault in the third degree and attempted coercion in the first degree, and (2) by permission, from an order of said court, entered January 16, 2020 in Albany County, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.
Defendant was charged in a 15-count indictment with various crimes after he went to his parents' home on more than one occasion and physically attacked them, then contacted them in violation of orders of protection. After a nonjury trial at which his parents did not testify, defendant was convicted of 11 crimes and was sentenced to an aggregate prison term of eight years, to be followed by five years of postrelease supervision. More than a year later, defendant moved to vacate the judgment of conviction pursuant to CPL 440.10. Supreme Court denied the motion without a hearing. Defendant appeals from the judgment of conviction and, with this Court's permission, from the order denying his CPL article 440 motion.
"A finding of trial competency is within the sound discretion of the trial court" and appellate courts "must accord substantial deference to the trial court's determination so long as it is supported by the record" (People v Phillips, 16 NY3d 510, 517 [2011] [citations omitted]). The trial court must assess the testimony of the experts, but also "may consider its own personal observations of a defendant in determining fitness for trial" (id.; see People v Richardson, 155 AD3d 1099, 1100 [2017]). We cannot conclude that Supreme Court abused its discretion in finding defendant competent to stand trial, based on its own observations of defendant and the testimony of two psychologists who reached such an opinion, even though another experienced psychologist opined that defendant was not competent (see People v Phillips, 16 NY3d at 518-519; People v Frazier, 16 NY3d 36, 42 [2010]).
Hearsay is "an out-of-court statement admitted for the truth of the matter asserted, and the hearsay rule generally prohibits the introduction of such statements at trial" (People v Slade, 37 NY3d 127, 140 [2021] [internal quotation marks and citation omitted]). A police officer testified at trial that he reported to the emergency room and observed that defendant's parents had been badly beaten. While he was there, defendant's mother received a phone call from defendant in which he threatened to kill his parents if they contacted the police. The officer further testified that the mother told him that "she wouldn't leave the room unless [he] promised her that [he] would stay and take care of [defendant's father] because [defendant] would kill him [*2]if she didn't stay." This statement by the mother was not hearsay as it was not offered for the truth of the matter asserted but, rather, to demonstrate her state of mind (i.e., her belief and fear in that moment caused by defendant's threat meant to dissuade her from reporting the assault) (see People v Ricco, 56 NY2d 320, 328 [1982]; People v Shackelton, 177 AD3d 1163, 1164-1165 [2019], lv denied 34 NY3d 1162 [2020]; People v Bruner, 222 AD2d 738, 739 [1995], lv denied 88 NY2d 981 [1996]; compare People v Pascuzzi, 173 AD3d 1367, 1377 [2019], lv denied 34 NY3d 953 [2019]). Therefore, Supreme Court did not err in admitting this statement into evidence.
Defendant argues that Supreme Court erred in allowing the People to amend a count of the indictment from charging coercion in the first degree to attempted coercion in the first degree. After the close of proof, defendant moved to dismiss, among other things, the coercion count. Following some discussion with counsel, the court stated that it would consider only attempted coercion in the first degree, "as more appropriately coinciding with the evidence." Rather than amending the indictment, it appears that the court — in its role as both judge and factfinder in this nonjury trial — simply agreed to, and then did, consider attempted coercion in the first degree as a lesser included offense (see People v Phillips, 256 AD2d 733, 735 [1998]).
A lesser included offense of a crime charged in an indictment may be considered by the factfinder "provided that the elements of the two crimes are such that it is impossible to commit the greater crime without concomitantly committing the lesser offense by the same conduct and there is a reasonable view of the evidence to support a finding that the defendant committed the lesser offense but not the greater" (People v Baker, 123 AD3d 1378, 1379 [2014] [internal quotation marks, brackets and citations omitted]; People v Anatriello, 161 AD3d 1383, 1387 [2018], lv denied 31 NY3d 1144 [2018]). As it is impossible to commit the crime of coercion in the first degree without concomitantly attempting to commit such crime, attempted coercion in the first degree is a lesser included offense of coercion in the first degree (see Penal Law §§ 135.65 [1]; 110.00; People v Wager, 199 AD2d 642, 643 [1993], lv denied 83 NY2d 811 [1994]). A reasonable view of the evidence would support a finding that defendant did not succeed in his coercion, but that he attempted to do so. Accordingly, Supreme Court had the discretion to consider attempted coercion in the second degree as a lesser included offense, regardless of whether defendant consented (see CPL 300.50 [1], [2]; People v Phillips, 256 AD2d at 734). Moreover, "[e]ven if the court's action could be viewed as an 'amendment' of the indictment pursuant to CPL 200.70, the court did not impermissibly add [a] new charge[]" because the original count necessarily contained, as a lesser included offense, the attempt to commit [*3]that charge (People v Gouyagadosh, 295 AD2d 246, 246 [2002]; see People v Basciano, 54 AD3d 637, 637 [2008]; see also William C. Donnino, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 300.40, at 318 [2017 ed] [stating that "(e)ach count of an indictment charges a specific crime and by operation of law its applicable lesser included offense"]).
Defendant argues that he was denied meaningful representation due to trial counsel's failure to cross-examine most of the People's witnesses and to object to admission of the written statements that his parents signed for the police in November 2016. "To establish a claim of ineffective assistance of counsel, a defendant is required to demonstrate that he or she was not provided meaningful representation and that there is an absence of strategic or other legitimate explanations for counsel's allegedly deficient conduct" (People v Bowen, 185 AD3d 1219, 1221 [2020] [internal quotation marks and citations omitted]). The People had moved for a Sirois hearing, alleging that defendant had made his parents unavailable to testify by threatening them (see generally People v Geraci, 85 NY2d 359, 363 n 1 [1995]). It appears that counsel — as a way of limiting the revelation of negative information about defendant — may have agreed to allow the parents' written statements into evidence without objecting or demanding that they be called to testify. Although trial counsel did not cross-examine many of the law enforcement officers or medical providers who testified at trial, counsel did cross-examine the People's expert psychologist and a police officer who observed defendant at the time of his arrest, the latter of whom testified that defendant was "hysterical." Defendant has failed to establish that trial counsel's actions were not part of a legitimate trial strategy — i.e., to accept that the assaults occurred but assert that defendant was not guilty because he committed them due to a mental disease or defect (see People v May, 188 AD3d 1309, 1312 [2020], lv denied 36 NY3d 974 [2020]; People v Yarber, 122 AD2d 433, 434 [1986]; compare People v Taylor, 156 AD3d 86, 93 [2017], lv denied 30 NY3d 1120 [2018]). Toward that end, counsel moved pretrial to challenge defendant's competency and, at trial, vigorously cross-examined the People's expert psychologist, secured an expert psychiatrist to testify on defendant's behalf and delivered a forceful summation advancing a cogent, if unsuccessful, trial strategy. Hence, defendant has not demonstrated that he was deprived of the effective assistance of counsel.
Defendant further argues that Supreme Court erred in denying his motion to vacate the judgment of conviction. As provided in CPL 440.10, a judgment of conviction may be vacated for certain, specified reasons, including where "[t]he judgment was procured by duress, misrepresentation or fraud on the part of . . . a person acting for . . . a prosecutor" (CPL 440.10 [1] [b]; see People v Wagstaffe[*4], 120 AD3d 1361, 1362 [2014], lvs denied 25 NY3d 1161, 1173 [2015]), "[m]aterial evidence adduced at a trial resulting in the judgment was false and was, prior to the entry of the judgment, known by the prosecutor or by the court to be false" (CPL 440.10 [1] [c]), "[t]he judgment was obtained in violation of a right of the defendant under the constitution of this state or of the United States" (CPL 440.10 [1] [h]), or "[n]ew evidence has been discovered since the entry of a judgment based upon a verdict of guilty after trial, which could not have been produced by the defendant at the trial even with due diligence on his [or her] part" (CPL 440.10 [1] [g]; see People v Thibodeau, 31 NY3d 1155, 1157 [2018]; People v Stetin, 192 AD3d 1331, 1333 [2021]; People v Werkheiser, 171 AD3d 1297, 1303-1304 [2019], lv denied 33 NY3d 1109 [2019]).
As part of the motion papers, defendant submitted affidavits from each of his parents, signed in July 2019, averring that the contents of their November 2016 statements to the police were false and were written by police officers who threatened them with jail time for lying, and that they were forced to sign those statements before the mother was permitted to be transported to the hospital for medical care. The parents had each signed an affidavit in September 2017 that contained similar information. Considering those earlier affidavits and that the parents attended every court appearance in support of defendant, as well as filed a motion to vacate the orders of protection, defendant has not demonstrated that he could not, with due diligence, have obtained this information from his parents prior to trial. Thus, his parents' latest affidavits cannot be considered newly discovered evidence pursuant to CPL 440.10 (1) (g) (see People v Hamilton, 115 AD3d 12, 20 [2014]).
At trial, multiple law enforcement officers testified as to their observations and dealings with the parents on the night of the November 2016 assault. None of those witnesses described any coercion or duress, defense counsel did not cross-examine those witnesses on this topic, the parents' November 2016 statements were admitted without objection and neither parent was called as a witness. As the new affidavits are similar to recantation evidence, which this Court has noted is "inherently unreliable" (People v Riddick, 136 AD3d 1124, 1124 [2016], lv denied 27 NY3d 1154 [2016]; accord People v Stetin, 192 AD3d at 1334; see People v Tucker, 40 AD3d 1213, 1214 [2007], lv denied 9 NY3d 882 [2007]), Supreme Court did not err in determining that defendant failed to demonstrate that the conviction was obtained by duress or fraud on the part of the police (see CPL 440.10 [1] [b]). Nothing that defendant submitted on his CPL 440.10 motion contained any proof that the prosecutor or court knew of any false evidence before entry of the judgment of conviction (see CPL 440.10 [1] [c]; compare People v Reed, 159 AD3d 1551, 1553 [2018]). As far as the assertion [*5]that defendant was deprived of his constitutional right to the effective assistance of counsel (see CPL 440.10 [1] [h]), at least on the grounds raised by defendant, this argument could be, and was, raised in his direct appeal. Thus, it is not appropriate for a CPL 440.10 motion (see CPL 440.10 [2] [b]). Accordingly, Supreme Court properly denied defendant's motion.
We have reviewed defendant's remaining contentions and find them to be without merit.
Egan Jr., Aarons, Pritzker and Colangelo, JJ., concur.
ORDERED that the judgment and order are affirmed.